UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TERRENCE ANSON ROBERTS,

Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

Defendant.

No. 2:15-CV-0288-JTR

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 14, 15. Attorney Dana C. Madsen represents Terrence Anson Roberts (Plaintiff); Special Assistant United States Attorney Ryan Lu represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff filed applications for a period of disability, Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) on September 30, 2014, alleging disability since September 1, 2011, due to problems with his lumbar spine, arthritis in his left knee, swollen leg and feet, paranoia, hallucinations, odd

presentation/mannerisms/speech, psychotic disorder, schizophrenia, and schizotype personality disorder. Tr. 281-293, 385. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) R. J. Payne held a hearing on July 1, 2015, Tr. 60-105, and issued an unfavorable decision on July 20, 2015, Tr. 13-24. The Appeals Council denied Plaintiff's request for review on August 19, 2015. Tr. 1-6. The ALJ's July 2015 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 15, 2015. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on October 7, 1974, and was 36 years old on the alleged onset date, September 1, 2011. Tr. 82. He completed high school, attended one year of college, and later completed one year of studies at Job Corps, obtaining a business clerical degree. Tr. 83-85. Plaintiff testified at the administrative hearing he last worked as a caregiver in 2011. Tr. 86. He has additional past work as a custodian for the Best Western Hotel, as a cashier for fast food restaurants, as a bicycle messenger, as a parking attendant, as a security officer, and doing bill coding at the University of Washington Medical Center. Tr. 87-89.

Plaintiff testified his disability stems from a 2000 or 2001 automobile accident. Tr. 90. He injured his left knee in the accident which currently causes lower body numbness, primarily in his feet and ankles. Tr. 90. He stated that, as a result, he has a "hard time standing up for long periods of time or sitting down for long periods of time." Tr. 90. Sitting for longer than an hour triggers swelling, numbness and pain in his feet and ankles. Tr. 90-91. Standing for longer than an hour causes pain in his lower back. Tr. 91. Plaintiff indicated if he does a lot of

bending over it can be quite painful and walking can also be quite painful. Tr. 91. He stated he can only walk a short distance, less than two blocks, before needing to stop and rest and, because of his knee and back pain, he is only able to lift and carry about 15 to 20 pounds. Tr. 91, 93. He takes no medication for his pain complaints. Tr. 91-92. Plaintiff testified he had also been attending weekly counseling sessions at Frontier Behavioral Health for depression, anxiety, and psychotic symptoms/schizophrenia. Tr. 93-94.

Plaintiff indicated he spends a normal day looking for housing, attending counseling and volunteering. Tr. 101. He testified he usually volunteers four to six hours of work per day at the Evergreen Club. Tr. 103-104. He indicated he will also spend time with friends, go to the movies or out to a meal, and take a bus to the library to use the internet. Tr. 102. Plaintiff stated he has a driver's license, but he does not own a car. Tr. 95. Therefore, he will either walk or ride a bus for transportation. Tr. 95.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Soc. Sec. Admin.*, 169

F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On July 20, 2015, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 1, 2011, the alleged onset date. Tr. 16. At step two, the ALJ determined Plaintiff had the severe impairments of lumbar spine pain and left knee pain. Tr. 16. At step three, the

ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 19. The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform medium exertion level work except he could only frequently stoop and could only occasionally climb ladders, ropes or scaffolds. Tr. 19.

At step four, the ALJ found Plaintiff was able to perform his past relevant work as a housekeeper. Tr. 22. In the alternative, the ALJ determined at step five that, considering Plaintiff's age, education, work experience and RFC, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform. Tr. 22. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from September 1, 2011, the alleged onset date, through the date of the ALJ's decision, July 20, 2015. Tr. 23-24.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred in this case by (1) improperly discrediting Plaintiff's symptom claims; and (2) failing to give appropriate weight to the opinions of John Arnold, Ph.D., and Paula Stiles, DPT.

## DISCUSSION

### A. Plaintiff's Credibility

Plaintiff first contends the ALJ erred by failing to provide valid reasons for finding Plaintiff not fully credible in this case. ECF No. 14 at 8-10.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the

ALJ may not discredit a claimant's testimony as to the severity of an impairment solely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. Tr. 20.

The ALJ stated that secondary gain issues may be present in this case. Tr. 17, 20. The Ninth Circuit has recognized that the ALJ may consider the issue of secondary gain in rejecting symptom testimony. *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); *Gaddis v. Chater*, 76 F.3d 893, 896 (8th Cir. 1996) (allowing an ALJ to judge credibility based on a strong element of secondary gain); *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992) (the ALJ may properly consider the issue of motivation in assessing credibility).

The ALJ indicated that many of Plaintiff's allegations of impairments stem directly from his homelessness, rather than actual impairment. Tr. 20, 367. The ALJ also noted Plaintiff, during a session with Frontier Behavioral Health, stated it was "the waiting game for SSI . . . coming along," Tr. 20, 548, and that Plaintiff was "likely aware" that his eligibility for assistance was dependent on a DSHS evaluation and thus had an incentive to overstate symptoms and complaints, Tr. 17. The ALJ, however, provided no reasoning for how Plaintiff's homelessness or mention for waiting for SSI evinced a motivation for secondary gain. The Court

finds the ALJ's conclusion that Plaintiff could possibly be attempting to portray more extensive limitations than are actually present in order to increase the chance of obtaining benefits is not a clear and convincing reason to find Plaintiff less than fully credible in this case. Nevertheless, given the ALJ's other reasons for finding Plaintiff less than credible, as indicated below, the Court finds this error harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1160, 1163 (9th Cir. 2008) (upholding adverse credibility finding where ALJ provided four reasons to discredit claimant, two of which were invalid); *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming credibility finding where one of several reasons was unsupported by the record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

The ALJ determined the objective medical evidence of record did not fully support Plaintiff's allegations. Tr. 20. A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991); *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (in determining credibility, ALJ may consider "whether the alleged symptoms are consistent with the medical evidence").

With regard to Plaintiff's alleged mental health symptoms, the ALJ indicated the record was sparse and did not reflect mental health issues until July 22, 2014, when Laura Elias, LSW, noted Plaintiff might have psychosis based on Plaintiff's report that he had been hearing voices "starting 'a couple a years ago.'" Tr. 16, 506. Based on Plaintiff's self-report, Ms. Elias diagnosed psychotic disorder, NOS, and ruled out depressive disorder, NOS. Tr. 17, 504. However, as noted by

the ALJ, Plaintiff "denied all symptoms of his diagnosis" on September 10, 2014, Tr. 496, and October 23, 2014, Tr. 484. Tr. 17. As stated by the ALJ, Frontier Behavioral Health's focus through this period of time was on ending Plaintiff's homelessness, not on alleged psychological problems. Tr. 17, 20, 367.

With regard to Plaintiff's complaints of knee and back pain, the ALJ indicated imaging was inconsistent with Plaintiff's allegations of disabling impairments. Tr. 20. David Thorne, M.D., interpreting a July 2013 x-ray of Plaintiff's lumbar spine, reported there was no evidence of acute fractures or dislocations and no significant degenerative changes. Tr. 20, 453. Trent Sanders, M.D., interpreting a July 2013 x-ray of Plaintiff's left knee, reported there were no acute findings and normal alignment aside from some subtle varus angulation centered at the proximal tibial metaphysis, potentially related to an old/healed fracture. Tr. 20-21, 452. No medical source of record during the relevant time period has opined that Plaintiff's knee and/or back impairments cause substantial limitations.

As determined by the ALJ, the evidence of record does not support the disabling symptoms and limitations alleged by Plaintiff in this case. It was proper for the ALJ to conclude Plaintiff was not entirely credible because Plaintiff's alleged level of limitation was inconsistent with the medical evidence of record.

The ALJ additionally mentioned Plaintiff admitted to not taking any medication at all for his pain. Tr. 20. Lack of prescription medication is properly considered when weighing credibility. *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (finding the ALJ's decision to reject the claimant's subjective pain testimony was supported by the fact that claimant was not taking pain medication). Plaintiff testified at the administrative hearing that he takes no medication for his pain. Tr. 91-92. It was proper for the ALJ to conclude that the fact that Plaintiff did not find it necessary to take medication for his alleged pain weakened Plaintiff's overall credibility.

The ALJ further found that Plaintiff's allegations of disabling limitations were inconsistent with evidence of Plaintiff's activities of daily living. Tr. 20. It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ indicated Plaintiff reported going outside seven days a week and would either walk or use public transportation on those occasions. Tr. 20, 95, 366. Plaintiff stated he will go to church, meal centers, the House of Charity, doctor appointments, grocery stores, and the park on a regular basis. Tr. 20, 101-102, 367. Plaintiff also testified to performing volunteer work four to six hours per day. Tr. 20, 103-104. Such activities contradict Plaintiff's allegations that he cannot sit or stand for long periods of time, can only lift five pounds, and can only walk half a block before needing to rest for "about 2 hours." Tr. 20, 90-91, 368. It was proper for the ALJ to consider this level of reported activity as inconsistent with Plaintiff's claim of totally disabling limitations. *See Molina v. Astrue*, 674 F.3d 1104, 1112-1113 (9th Cir. 2012).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, the Court finds that the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective complaints, which are fully supported by the record. Accordingly, the ALJ did not err by finding Plaintiff's allegations were not entirely credible in this case.

///

///

**B. Medical Source Opinions**

Plaintiff next contends that the ALJ erred by failing to accord proper weight to the opinions of certain medical sources of record. Plaintiff specifically argues the ALJ erred by discounting the opinions of John Arnold, Ph.D., and Paula Stiles, DPT. ECF No. 14 at 11-13.

**1. John Arnold, Ph.D.**

Plaintiff asserts the ALJ erred by failing to accord proper weight to the opinions of Dr. Arnold. ECF No. 14 at 12. Plaintiff argues the opinions expressed by Dr. Arnold demonstrate that, contrary to the ALJ's conclusion in this case, Plaintiff has a severe mental impairment. ECF No. 14 at 13.

If the opinion of an examining medical professional is not contradicted, it can only be rejected with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews*, 53 F.3d at 1043. Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding an examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-1464 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

Here, Dr. Arnold's opinion was contradicted by other medical sources, including the medical expert, Margaret Moore, Ph.D., and state agency reviewing physicians;[1] therefore, the ALJ needed to only provide specific and legitimate reasons for rejecting Dr. Arnold's report.

---

[1]Margaret Moore, Ph.D., testified as an impartial medical expert at the July 1, 2015, administrative hearing. Tr. 18, 74-81. Dr. Moore indicated there is no evidence that any psychotic symptoms have interfered with Plaintiff's functioning,

Dr. Arnold completed a psychological/psychiatric evaluation on September 4, 2014. Tr. 469-473. Dr. Arnold noted "odd presentation/mannerisms/speech" and Plaintiff's report of auditory hallucinations and paranoia and diagnosed psychotic disorder, NOS, rule out schizophrenia, paranoid type, and rule out schizotypal personality disorder. Tr. 470. Dr. Arnold checked boxes indicating Plaintiff was markedly impaired in his ability to understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; adapt to changes in a routine work setting; and complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 471. However, as noted by the ALJ, Dr. Arnold reported that Plaintiff's thought processes and content, orientation, perception, memory, fund of knowledge, concentration, and abstract thought were all within normal limits. Tr. 17, 472. Dr. Arnold also reported Plaintiff was capable of normal activities of daily living, including grooming, spending time at the park, mall and library, volunteering with homeless programs, and going to church. Tr. 17, 470.

The ALJ accorded Dr. Arnold's report "little weight" because it was substantially based on Plaintiff's self-reported symptoms and complaints, the report contained few objective findings to support the degree of limitation opined, and the opinions were inconsistent with Plaintiff's record of functioning and Dr.

---

"even if you believe that they exist." Tr. 76. Dr. Moore opined that Plaintiff's mental health issues were not significant, and, based on Plaintiff's high level of functioning and lack of symptoms throughout the record, Plaintiff did not have a severe mental health impairment. Tr. 18, 74-78. Consistent with Dr. Moore, State Agency psychological consultants, John Robinson, Ph.D., and Beth Fitterer, Ph.D., additionally opined that Plaintiff did not have a medically determinable mental impairment. Tr. 18, 163-164, 186.

Arnolds's own report of Plaintiff's ability to function. Tr. 17-18. The Court finds this determination by the ALJ is fully supported. *See infra*.

In formulating his diagnoses, Dr. Arnold noted Plaintiff's odd presentation and mannerisms and Plaintiff's report of auditory hallucinations and paranoia. Therefore, the diagnoses and the assessed limitations in the check-box portion of the report are based on Plaintiff's subjective allegations.[2] Tr. 21. There is no objective medical evidence provided to support the doctor's opinion. Tr. 471. Furthermore, Dr. Arnold's report does not specify a basis for the check-box findings therein. Tr. 17-18; *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (stating that the ALJ's rejection of a check-off report that did not contain an explanation of the bases for the conclusions made was permissible). Finally, as indicated by the ALJ, the limitations noted in the report were inconsistent with Plaintiff's record of functioning and Dr. Arnold's own report of Plaintiff's ability to function. Tr. 18. As discussed above, Plaintiff reported going outside seven days a week and would either walk or use public transportation on those occasions. Tr. 95, 366. Plaintiff stated he would go to church, meal centers, the House of Charity, doctor appointments, grocery stores, and the park on a regular basis, Tr.

---

[2]As discussed above, the ALJ's adverse credibility determination is supported by clear and convincing reasons. A physician's opinion may be disregarded when it is premised on the properly rejected subjective complaints of a claimant. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *see also Morgan*, 169 F.3d at 602 (the opinion of a physician premised to a large extent on a claimant's own account of symptoms and limitations may be disregarded where they have been properly discounted). Since Plaintiff was properly found by the ALJ to be not entirely credible, *see supra*, the ALJ appropriately discounted Dr. Arnold's report on the basis that it was primarily based on Plaintiff's subjective complaints.

101-102, 367, and was also able to perform volunteer work four to six hours a day at the Evergreen Club, Tr. 103-104. Moreover, as noted by the ALJ, Dr. Arnold's own report indicates that Plaintiff's thought processes and content, orientation, perception, memory, fund of knowledge, concentration, and abstract thought were all within normal limits and that Plaintiff was capable of normal activities of daily living, including grooming, spending time at the park, mall and library, volunteering with homeless programs, and going to church. Tr. 17, 470, 472.

Based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons that are supported by substantial evidence for according little weight to the September 4, 2014, psychological/psychiatric evaluation of Dr. Arnold. Accordingly, the ALJ did not err with respect to his findings regarding Dr. Arnold's report.

**2. Paula Stiles, DPT**

Plaintiff next argues the ALJ erred by failing to accord greater weight to the opinions of Ms. Stiles. ECF No. 14 at 12-13. While it is not clearly specified by Plaintiff, it appears Plaintiff contends Ms. Stiles' indication of "44% disability" based on "Oswestry Low Back Pain" should have resulted in a more physically limited RFC determination by the ALJ. ECF No. 14 at 12-13.

Ms. Stiles, a physical therapist, is not an acceptable medical source. *See* 20 C.F.R. § 404.1513(a) (acceptable medical sources include only licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists and qualified speech-language pathologists). Therefore, Ms. Stiles' opinions do not qualify as "medical evidence . . . from an acceptable medical source" as required by the Social Security Regulations. 20 C.F.R. §§ 404.1513, 416.913. Ms. Stiles is an "other source," and an ALJ may discount testimony from "other sources" if he "'gives reasons germane to each witness for doing so.'" *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).

On April 4, 2013, Ms. Stiles completed a Physical Therapy Initial Examination of Plaintiff. Tr. 465-468. Ms. Stiles opined Plaintiff was 44% disabled based on the Oswestry Low Back Pain Scale.[3] Tr. 465.

The Court notes at the outset that whether a claimant is "disabled" within the meaning of the Social Security Act is a legal conclusion, based on both medical and vocational components, that is reserved for the ALJ. *See Edlund v. Massanari*, 253 F.3d 1152, 1156-1157 (9th Cir. 2001); *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000). In any event, as found by the ALJ, the Physical Therapy Initial Examination report of Ms. Stiles is not well supported, *see Turner*, 613 F.3d at 1223 (noting the rejection of a treating physician's report was proper when that physician failed to assign any specific limitations on the claimant), is based on Plaintiff's self-reporting, *see Morgan*, 169 F.3d at 602 (the opinion of a physician premised to a large extent on a claimant's own account of symptoms and limitations may be disregarded where they have been properly discounted), and was not consistent with the medical evidence of record, Tr. 69-71 (medical expert Anthony Francis, M.D., testified at the administrative hearing that Plaintiff had the physical capacity to perform medium exertion level work, with only minor restrictions in postural activities). Tr. 21.

The Court finds the ALJ provided germane reasons for according "little weight" to Ms. Stiles' April 4, 2013, Physical Therapy Initial Examination report. Tr. 21.

///

---

[3]As indicated by Defendant, the Oswestry Disability Index is based entirely on a patient's self-reported symptoms. ECF No. 15 at 17, citing National Council for Osteopathic Research, *Oswestry Disability Index*, available at http://www.ncor.org.uk/wp-content/uploads/2012/12/Oswestry-Disability-questionnairev2.pdf.

It is the responsibility of the ALJ to determine credibility, resolve conflicts in medical testimony and resolve ambiguities, *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996), and this Court may not substitute its own judgment for that of the ALJ, 42 U.S.C. § 405(g). Where, as here, the ALJ has made specific findings justifying a decision, and those findings are supported by substantial evidence in the record, this Court's role is not to second-guess that decision. *Fair*, 885 F.2d at 604. Based on the foregoing, the Court finds the ALJ did not err by according little weight to the marked limitations noted on Dr. Arnold's September 4, 2014, report and Dr. Stiles' April 4, 2013, finding of a 44% low back disability.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED November 15, 2016.




JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE